IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |
|---|---|
| MICHELLE MARIE CROWLEY, et al., | * |
| Plaintiffs, | * |
| v. | CIVIL NO.: WDQ-04-1065 |
|  | * |
| KANARAS BROS. INC. d/b/a Box Hill Pizzeria | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

Pending is the Plaintiffs' motion for attorneys' fees and costs.  For the reasons discussed below, the motion will be granted in part and denied in part.

BACKGROUND

On April 2, 2004, the Plaintiffs sued their former employer, Kanaras Bros. Inc. d/b/a Box Hill Pizzeria ("Kanaris Bros."), alleging sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.  On December 1, 2004, Kanaras Bros. offered to settle the case by paying $10,500 to each Plaintiff.  The Plaintiffs accepted the offer and the Court entered judgment reflecting the terms of the settlement arrangement on December 21, 2004.

ANALYSIS

The Plaintiffs seek attorneys' fees in the amount of

1

$39,897.  Kanaras Bros. does not object to the rates charged by Plaintiffs' counsel, but to the number of hours they allegedly worked on the case.  Kanaras Bros. argues that because the case settled shortly after it began and before substantial discovery took place, the Plaintiffs were unreasonable in devoting over 260 hours to it.

A court may award, in its discretion, reasonable attorneys' fees to a prevailing plaintiff in an employment discrimination suit.  *Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998).  In determining the amount of a reasonable fee, the most useful starting point is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The court's assessment of what is "reasonable" is guided by the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 430 n. 3 (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974)).

The most critical factor in the court's analysis is the degree of success obtained.  *Id.* at 436.  When a plaintiff has achieved only limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be excessive.  *Id.*

In their Complaint, the Plaintiffs sought backpay, frontpay, compensatory damages, punitive damages, and attorneys fees.  Each Plaintiff received only $10,500 plus reasonable attorneys' fees from Kanaras Bros.  Because the Plaintiffs obtained only some of the monetary relief sought, they are not entitled to all of the fees incurred. *Washington v. Philadelphia County Court of Common Pleas*, 89 F.3d 1031, 1042 (3d Cir. 1996) (civil rights attorneys' fees should be awarded only to the extent the litigant was successful; the damages awarded compared to the damages sought is one measure of success); *Medline Indus., Inc. v. Medline Prods. Co.*, 2004 U.S. Dist. LEXIS 12741, *12-*14 (N.D. Ill. 2004); *Mercer v. Duke Univ.*, 301 F. Supp. 2d 454, 467 (M.D.N.C. 2004).

Kanaras Bros. argues that the Court should use the "customary fee" of 33% of the amount recovered as a benchmark in determining the Plaintiffs' reasonable attorneys' fees.  The Plaintiffs counter that there is no rule of thumb limiting attorneys' fees to one-third, or any other proportion, of the

amount recovered.  Accordingly, the Plaintiffs seek $45 per hour for work performed by paralegals, $75 per hour for work performed by law clerks, and $170 to $275 per hour for work performed by attorneys with varying levels of experience.

In determining the customary fee for similar work, the court should consider such information as affidavits and other evidence of counsel's billing practices or actual rates which counsel can command in the market.  *Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 535 (D. S.C. 2001) (*citing Buffington v. Baltimore County*, 913 F.2d 113, 130 (4th Cir. 1990)).  In support of their petition for attorneys' fees, the Plaintiffs adduced billing summaries from their counsel that detailed the work performed on their case.  The Plaintiffs did not, however, submit affidavits from the attorneys indicating that the rates billed were customary, or any other evidence of the rates their counsel can command.  The only evidence before the Court of customary fees for Title VII plaintiffs' representation is the affidavit of Kanaras Bros.' counsel, who testified that in over 17 years litigating employment matters, it has been his experience that plaintiffs' counsel typically receive about one-third of the amount recovered as their fee.  Horn Aff. ¶ 4.  In the absence of evidence to the contrary, the Court finds that one-third of the

4

amount recovered by the Plaintiffs constitutes a reasonable attorneys' fee award.

## CONCLUSION

For the reasons discussed above, the Plaintiffs' motion for attorneys' fees will be granted in part and denied in part.

<u>June 7, 2005</u>                         <u>         /s/               </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge